Our question is whether the enhanced benefits under the FERS system apply to a former Customs Inspector who is currently employed as a law enforcement instructor in the Department of Homeland Security. The facts really aren't in dispute. The petitioner worked for more than a dozen years in a primary covered position under the statute. She worked as an Immigration Inspector in the INS Department, and she worked as a Customs Inspector in the Department of Treasury. She then was promoted and transferred to FLETC. The basic question here is whether the regulation is consistent with the statute. Is that the focus? That's correct, Your Honor. So why isn't the regulation a reasonable interpretation of the statute? We believe the petitioner meets the express language of the statute. She worked indisputably in a primary covered position for more than three years. In fact, she worked there for 12 years. Then she was transferred to an administrative position in the FLETC, where it's indisputed that that's also a secondary covered position for law enforcement officers. So both her primary position and her secondary position meet the statutory definitions. The regulations that have implemented those statutes insert an additional requirement that it not only has to be within the Department of Homeland Security, the secondary position, but it has to be within effectively a sub-agency. It has to be within the CBP, the Customs and Border Protection Agency. That appears nowhere in the statute, and in fact we think the legislative history contradicts that interpretation. The legislative history— Well, it doesn't have to be within CBP. It has to either be a supervisory and administrative position that supervises those officers or one that requires experience as being one of those officers. I think that's a reasonable interpretation. What the agency did here is the interpretation constricted, was much more narrow, we believe. What do you think the definition in the statute means? The supervisory or administrative position? We don't think the regulations define that. No, I'm not asking what the regulations do. I'm asking what's your view of that statutory? What does that statute say? The position is that a supervisory or administrative position within the Department of Homeland Security, the secondary— Are there any limitations on that? We believe that the limitation is that it has to be a secondary covered position, which this position that Ms. Fitzgerald has undoubtedly is for law enforcement officers. Let's back up. You agree that it can't be any supervisory or administrative position in the Department of Homeland Security, right? Correct. So it's ambiguous? We don't believe that the implementing regulations— Wait, wait. Answer my question. Is it plain on its face or is it ambiguous? We believe it's plain on its face. We believe the statutory language is plain on its face. That it plainly defines supervisory or administrative position in the Department of Homeland Security as supervisory or administrative position as what? It doesn't say anything else about what its definition is. Correct. Well, you agree that it's not any supervisory or administrative position in DHS, right? We don't think it has to be an administrative position. We think that those terms are well-defined in the law. We don't think there needs to be an implementing regulation. If you look at the law enforcement officers, they use the same language. If you look at the firefighters, they use the same language. But the problem is the regulations are implementing that language differently. So supervisory or administrative, the regulations among those three are different. I get that. But if you say that it's ambiguous, then that means—because you're talking about the way this same language from the different LEO provisions are implemented by regulation. So it seems to me you're conceding that they have to be defined by regulation. You're just saying that the regulation here is an incorrect implementation. We're saying that the differences among the implementing regulations defining that same statutory language in three different ways is being implied inconsistently. Well, that doesn't seem to me the argument you made in your brief. Your argument in your brief was that this language was plain. It's clearly not plain. It requires implementation by DHS. And if that's the case, then we get to Chevron. Respectfully, we don't think the supervisory or administrative language is what is being implemented by the regulations. What's being implemented by the regulations is, whether it's in the Department of Homeland Security, as the statute says, or within some other sub-agency in the department. See, I would have thought your argument was that the statute is indeed ambiguous and invokes Chevron, but that the regulation's construction is not a reasonable construction. We certainly are saying that as well. I think that's fair. The statute as interpreted by the board, we believe, is incorrect. No, not as interpreted by the board, as interpreted by DHS and its regulation. The board just applied the statute. Well, they implemented the regulations that we believe are the problem. So interpreting those regulations, if you interpret them very narrowly, as the board has here, we think it conflicts with the plain language of the statute in the Department of Homeland Security, which our client undoubtedly is. If you interpret them very narrowly, where you're requiring some kind of prerequisite experience of Customs and Border Patrol officer, which didn't exist in 2000 when our client was transferred to FLETC, then we think this is clearly referring to the predecessor agency. We think it should, yes. We agree with that. But there's a law enforcement element of those positions, the customs inspections positions. So we have a client who, in her primary position, was undoubtedly covered under the Act. In her secondary position, had she been a law enforcement officer previously, she would undoubtedly be covered under the Act. Yeah, but having customs or border patrol experience was not a prerequisite to the position that she occupies. Having that level of specificity, we agree. But the general experience of the law enforcement aspects of a customs officer were absolutely a prerequisite to her position. That's not what the regulation required, though. You have to get us to find that the regulation is unreasonable. We believe that, as interpreted, it violates the statutory language. So what Congress said... Do you think the regulation that, did DHS have the authority to promulgate this regulation interpreting the statute? Yes. Is the regulation on its face reasonable interpretation? Not as a... No, we don't believe it is. No, the regulation, just the language of it. No, we think it violates the language of the statute, and we think it... How does it violate the language of the statute? Don't talk about application in this case. Talk about how it's an unreasonable interpretation of the statute. Fair enough. The statute says, supervisory or administrative position in the Department of Homeland Security. Our client meets that criteria. We've gone over this, though. You agree that it's not any supervisory or administrative position. So there is some interpretive work for DHS to do in the regulation. They didn't. Why is their interpretive work unreasonable? Because it conflicts with the supervisory administrative positions of other agencies. So if she were a law enforcement officer, in the same exact position she is, she's entitled to... What's not reasonable about that? Because the legislative history talks about the point of this act, the Appropriations Act, was to cover customs officers the same way as law enforcement officers. So we have a situation, and to retain those officers within the department. So if we don't... If you say, because she was a customs officer and then a law enforcement instructor, she's not covered, you have a situation where her primary position was covered, her secondary position was covered, but because she transferred... You keep saying her secondary position was covered, but her secondary position is only covered if it meets the terms of that regulation, and it doesn't, according to the board. And that's the problem. It meets... There are law enforcement instructors, and I refer you to A362 in the appendix and A291 in the appendix. The Department of Homeland Security has said the exact position she has, law enforcement instructor, is a secondary administrative covered position for law enforcement officers. So if the purpose of the statute here is retention, why isn't it reasonable to say that she needs prior customs law enforcement experience as opposed to generic law enforcement experience? We don't see the distinction there. In order to... I don't think you're addressing my question. If the idea is to retain people, how does changing the regulation to allow any law enforcement experience, prior law enforcement experience, to be sufficient to accomplish that goal? In her position at FLETC, she is training law enforcement officers. She is training custom border patrol officers. If you don't promote the customs patrol officers to FLETC, there's going to be a dearth of trainers who have experience in the customs and border patrol agency, which is the niche that she is filling at FLETC. So if she can't get promoted and keep her... Sorry. Finish your answer. I didn't mean to interrupt. My apologies, Your Honor. But if she's not covered when she gets that promotion, the government will lose, the Department of Homeland Security will lose her talents and experience as a customs border officer. I mean, I kind of get what you're saying, but I don't see where you... It seems to me that you're saying, because your brief said that the statute is plain, but I think the statute is clearly not plain, and you've said it's not plain today. I think what you're saying is that the regulation is arbitrary and capricious when you compare it to the other regulations. But I didn't see that argument anywhere in your brief. I think what we're trying to say is, because she is in a position that is covered as a law enforcement officer under the same statutory language, and it's being held... Well, it's not the... I mean, it's similar statutory language, but it's a completely separate statute. Correct. That's true. And there's nothing that said that... I'm still struggling with the fact that you have to get us to find the customs or the It's in the legislative history. Congress said that the goal of this was to treat the customs border officers the same as law enforcement. And why isn't it the same in their view that if they were in a customs, a CBP position, or a predecessor, I don't think that distinction matters, and they transferred to either a supervisor of CBP officers, or a position that required CBP experience. That's the same kind of interpretive regulations you have for the LEO statutes. They didn't open it up to this broader class that they could have, and maybe that would have been more fair, but it doesn't seem to me to render it unreasonable. The legislative history talks about the importance of retaining these people, the experienced customs... The problem is, if you're asking, I mean, you're asking us to look at pretty scant legislative history to override what, on its face, seems to be a reasonable interpretation of the statute. We don't think a situation where the position is covered for some, but not for others, a secondary position is covered for some, but not others, where the legislative history says they should be treated the same. We don't think that that's a reasonable interpretation. Okay. You want to save the remainder of your time? I do. Thank you. Okay. Thank you, Mr. Arnold. Ms. Hogan? Good morning, Your Honors. May it please the Court. When Congress enacted this legislation in 2007, it was not legislating in a vacuum, and it used specific language to describe, specifically, this supervisory or administrative position language in 5 U.S.C. 8401, language that also appears to describe the secondary positions for law enforcement officers and for firefighters. And consistent with that, OPM, in its regulations, has defined what these secondary positions are for firefighters and for law enforcement officers, specifically this mandatory prerequisite requirement, pretty much identically. So, although we have three sort of silos... So, let me ask you about this. This is what troubles me about this case, is that it sounds like she's working alongside instructors at this training academy who are LEOs, as opposed to CBP officers, and that they get it qualified as secondary coverage, and she doesn't. Is that true? That may be true. And I think one way of understanding that is that what we're looking, what DHS is looking at when it's looking to see whether this is a secondary position is, what are the job duties and what are the prerequisites? So, for example, there are instructors at FLETC who teach basic law enforcement classes to all manner of federal law enforcement officers, firearms, physical conditioning, arrest techniques. There are also law enforcement instructors who are employed by CBP to teach CBP-specific courses, for example, Section 212 of the Immigration and Naturalization Act. And do those positions require CBP experience? Those positions would require a mandatory prerequisite experience with the activities related to the... And so, those instructors would be considered secondary? Yes. And so, that's, I think, what the reference that Ms. Fitzgerald was referring to in her brief to this sort of list that CBP has in the joint appendix of... But those are also specific to a specific position number, description number, and that's not the position number to which she moved in 2000, which I should point out was eight years before this legislation was enacted. So, I... Although, I think you agree that that doesn't, I mean, if she was actually, if the predecessor's positions all qualified, it wouldn't matter that the names had changed. Yes. The only thing I'm suggesting is I don't think that Ms. Fitzgerald had any expectation that she was going to receive enhanced benefits when she transferred to this position in 2000. So, I think that the fairness issue that she's... Right. But if she had transferred to a position at the training center that required experience in whatever the predecessor of a CBP officer was, we would probably find her eligible now. I think that's correct. So, let me ask you, the LEO stuff is very general. Does the firefighter regulations, does it have the same kind of very specific requirements that you either have to be a supervisor of firefighters or in a position in which firefighting positions is required, or is it more general LEO? Yes. So, the firefighter statute, sorry, the firefighter regulations 84, I'm sorry, 842.803, and under the definition of secondary position, it includes administrative, that is an executive, managerial, technical, semi-professional, professional position for which a firefighting position is managed. So, it has the same kind of very specific requirement as this one does, not just general LEO. So, if you were a firefighter and you transferred to this training center to a general LEO position, you also wouldn't be covered. That's correct. Is there anything that would prevent OPM from enacting a broader regulation that would allow people to qualify for secondary coverage if they transferred to any LEO position from a firefighter or CBP position? Perhaps, I'm not sure if there's an explicit statutory requirement that would prohibit OPM from making that interpretation, but certainly the purpose of these types of enhanced retirement structures are to retain, to recruit young people for physically vigorous activities and to retain them and their knowledge in a specific career track. So, I think it does make sense that... So, in their specific field. Yes. So, if she had, how would this work if she was a CBP officer and then she transferred to a direct LEO position, is there a translation there? Does she stay covered or does she have to start over? I know I'm asking hypotheticals that are not addressed, but it is, it seems like there's this kind of general LEO umbrella and then there's, you know, you also treat firefighters and CBP officers more specifically. I wonder if the experience is translatable the other way. Possibly. I don't think that's the best answer I can come up with right now. Just to answer a few other points that were made in the opening argument. To the extent that supervisory and administrative position is a well-defined term, we agree completely. OPM has had this interpretation for over 20 years, so it's completely reasonable to assume that Congress was well aware of this interpretation when it enacted, when it amended 8401 and the other implementing regulations. And then finally, to the extent that... What was the position that had been held for 20 years? I'm not understanding. I'm sorry. OPM, in its firefighter and its law enforcement officer, and I believe also in the nuclear materials courier position, these other specialized retirement structures, has held, has interpreted that supervisory and administrative position language, statutory language, to have that mandatory prerequisite of the specific, you know, whether it's firefighting or law enforcement experience. So that, this interpretation of the statute by OPM, that these secondary positions have to have a mandatory prerequisite, is well-standing, yeah. And then finally, to the extent that this is a narrow interpretation, this is what this court has said before in the law enforcement officer context. These are specialized retirement structures that are different than most other federal employees. They're quite expensive, quite frankly, and they're there for a specific purpose. I write that there's also some legislative history that, at one point, Congress considered just adding these CBP officers into the LEOs category altogether. Is that right? I believe that's right. And what I... And so if they had done that, then they would just be under the regular LEO statute and transferring into any LEO position would be okay, but they chose to create a separate system just like they did for the firefighters. And with very specific, you know, one with reference to a very specific job series and also this reference... So I think there was an intention to treat them, although entitled to similar... And we're not just talking about enhanced retirement benefits, I mean, we're also talking about early retirement. We're also talking about mandatory separation. So these are not just, you know, extra money that you get in your annuity. This is an entirely different way of looking at retirement opportunities and retirement requirements. So to the extent that the OPM has taken a narrow interpretation of the statute, that's entirely consistent with the purpose of Congress in these types of retirement statutes. And if the Court has no further questions, we would respectfully request that the Court affirm the decision of the Board here. Thank you, Ms. Herman. Mr. Herman? Briefly, our point is that the statute is clear that if the administrative or supervisory position is in the Department of Homeland Security, it should be covered and the benefits should be accorded to those employees. We think that's consistent with the legislative history. Should you think if you were an LEO at DHS and you transferred to a position that required CBP experience but not LEO experience that you would be covered still? We don't really have a position on that. Well that's, I mean, that is the position you're taking though. The position we're taking is what the regulations have done here is they have carved out a subset of people who meet the face of the statute. So they haven't carved out anything. The statute, these people were never covered under the LEO statute before. They created new protections for them as a separate class. They considered adding them into the LEO but they didn't. And so they treat them, as far as I can tell, just the same as the LEO and the firefighters. That the LEO regulations requires LEO or an LEO secondary position. The firefighters require firefighting or firefighter experience and this requires CBP or CBP experience. And your argument would suggest that if you're in any of those three categories, if you transfer into any secondary position, whether it's LEO, firefighter, or CBP, you're covered. The legislative history doesn't talk about firefighters. It does talk about LEOs and CBPs. And the last point I want to make. Your basic point is that it's not reasonable to treat customs officers as a separate category, right? Correct. That's right, Your Honor. The last point I want to make is she transferred in 2000. That was eight years before this act was passed. It was three years before the creation of the Department of Homeland Security. So to the extent you're going to find a mandatory prerequisite that she worked in a department that didn't exist at the time, it's difficult. No, I understand that argument. But, I mean, you didn't point to anything that suggested her position required the equivalent experience of her former job either. You might have a good argument if that was the case, but you didn't point to that. I rely on what we said in our brief. We did address that briefly. Thank you. Thank you. Thank both counsel.